UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANDREW VESELY

No. 24 CR 32

Judge John F. Kness

**GOVERNMENT'S SENTENCING MEMORANDUM AND POSITION PAPER REGARDING SENTENCING FACTORS**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, submits the following sentencing memorandum and position paper as to sentencing factors regarding defendant Andrew Vesely.

## I.    Introduction

As an initial matter, the government agrees with the Presentence Investigation Report's (PSR) analysis regarding defendant Vesely, specifically: the recitation of the charges in this case, PSR ¶¶1-7; the description of the offense conduct, PSR ¶¶8-17; the offense level computations, PSR ¶¶18-44; the defendant's criminal history, PSR ¶¶47-66; the offender's characteristics, including the description of his physical and mental health, educational skills and employment record, and financial condition, PSR ¶¶67-110; the sentencing options, PSR ¶¶111-117; and the recommended Conditions of Supervised Release set forth in the Supplemental Report of February 3, 2026.

## II. The Charges

On July 16, 2025, defendant Vesely pled guilty to a two-count superseding information that charged him with: forcibly resisting, impeding, and interfering with an Officer of the United States Government (as defined in Title 18, United States Code, Section 1114), namely, a Special Agent of the Drug Enforcement Administration (DEA), while engaged in the performance of official duties, and making physical contact with the DEA Agent, in violation of Title 18, United States Code, Section 111(a) (Count One); and, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessing, in and affecting interstate commerce, two firearms which had traveled in foreign and interstate commerce prior to his possession of the firearms, namely, a loaded Ruger Model 57, 5.7 x 28 mm caliber semiautomatic pistol, bearing serial number 643-25012, and a loaded Springfield Armory XD-9 semiautomatic pistol, bearing serial number GM872407, in violation of Title 18, United States Code, Section 922(g)(1) (Count Two). As part of his plea, Vesely agreed to the entry of a forfeiture judgment regarding the weapons. He is scheduled to be sentenced on April 1, 2026.

### A. The Evidence

#### 1. Count One

On January 31, 2022, members of a DEA Enforcement Group, accompanied by Homeland Security Investigations (HSI) agents and an officer of the Posen Police

2

Department, were surveilling a residence on S. Richmond Avenue in Posen, Illinois, in anticipation of executing an arrest warrant for Andrew Vesely. Vesely, who was 21-years-old at the time, was on probation for two 2021 Illinois felony convictions, including aggravated fleeing from the police, and had two outstanding felony arrest warrants from the Justice and Hickory Hills Police Departments, one for aggravated fleeing or attempting to elude a peace officer, and the second for criminal trespass to a motor vehicle. Vesely was also a suspect in thefts of several Jeep Grand Cherokees and a Jeep Grand Cherokee SRT was parked in the alley behind the Richmond Avenue house in front of a closed garage. Based on Vesely's history of high-speed flight from the police, the surveillance team determined to arrest him on the outstanding warrants when he left the house and before he had a chance to reach the Jeep in the alley. Additionally, an HSI agent parked his vehicle in the middle of the alley about 50 feet in front of the Jeep to block that potential path of flight while the other members of the team took up positions surrounding the house both on foot and in their vehicles.

At approximately 11.50 a.m. agents saw Vesely leave the back door of the house and walk through the backyard toward the alley and the parked Jeep. A DEA agent radioed that information to the surveillance team and approximately four officers moved to apprehend Vesely as he entered the alley. Vesely saw them, ran back towards the house, turned around, and ran back to the alley. As the agents closed in Vesely jumped into the Jeep and managed to start the engine. A DEA agent reached

3

into the open driver's door and grabbed Vesely by the front of his coat in an effort to stop him from driving away. Vesely put the Jeep into drive as he and the agent struggled for control of the Jeep. As the Jeep began to move forward, Vesely's backpack fell into the alley. The agent lost his grip on Vesely and his momentum from the moving Jeep flung him into several large garbage cans alongside a garage in the alley. The agent sustained bruising but fortunately no lasting injuries.

As Vesely drove out of the alley at very high speed two agents fired 7 shots at his fleeing vehicle. Vesely drove out of Posen and into Markham, the adjoining town. The Markham police, who had been alerted by their dispatcher, chased Vesely down a major throughfare at over 100 mph though several traffic signals. Vesely crashed the Jeep into an embankment and was captured while attempting to flee on foot.

### 2. Count Two

The backpack that fell out of the Jeep in the alley contained a Ruger Model 57, 5.7 x 28 mm caliber semiautomatic pistol bearing serial number 643-25012 and a spare magazine, both loaded with armor-piercing rounds; a car key programming device; 31 car key fobs; and miscellaneous tools suitable for stealing cars. Law enforcement officers also recovered a loaded Springfield Armory XD-9 semiautomatic pistol bearing serial number GM872407 and three loaded magazines from Vesely's room in the house, along with a bullet-proof vest; a police scanner; 25 key fobs; and a car key programming device. Both firearms had traveled in interstate commerce prior

4

to defendant's possession of them and Vesely knew he was not allowed to possess them based on his prior felony convictions.

### III.    Maximum Statutory Penalties

Count One carries a maximum sentence of 8 years' imprisonment, a maximum fine of $250,000, and potential a term of supervised release of not more than three years. Count Two carries a maximum sentence of 10 years' imprisonment, a maximum fine of $250,000, and a potential term of supervised release of not more than three years. Pursuant to Title 18, United States Code, Section 3013, defendant must be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed. Therefore, the total maximum sentence is 18 years' imprisonment, a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200.

### IV.   Sentencing Guidelines Calculations

The government agrees with the calculations of the Sentencing Guidelines in the PSR that defendant's total offense level is 20, his criminal history score is 13, and his Criminal History Category is VI. PSR ¶¶61-63. The government further agrees that a total offense level of 20 and a Criminal History Category of VI results in an anticipated guidelines range of 70 to 87 months' incarceration, and that Vesely is subject to up to 3 years' supervised release.

## V.  Application of the Sentencing Factors

As a matter of procedure, the district court must correctly calculate the sentencing guideline range, treat the guidelines as advisory, consider the applicable sentencing factors under 18 U.S.C. § 3553(a), select a sentence supported by the facts presented, and then adequately explain the selected sentence, including any variance from the guideline range. *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Annoreno*, 713 F.3d 352, 357 (7th Cir. 2013). "[A] major [variance] should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50; *see also United States v. Smith*, 811 F.3d 907, 910 (7th Cir. 2016) ("the farther down the judge goes the more important it is that he give cogent reasons for rejecting the thinking of the Sentencing Commission"). The § 3553(a) factors which must be considered are: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

### A.    Nature and Circumstances of the Offense

The nature and circumstances of the offense set forth above and described in the Sentencing Recommendation demonstrate that Vesely's crimes are extremely serious. He was wanted on two arrest warrants and was in possession of a large amount of equipment and specialized devices designed for stealing cars, which he was clearly doing on a regular basis before his arrest. He was also in possession of two powerful handguns and armor-piercing ammunition designed to penetrate the protective vests of the agents and officers that arrested him. Finally, Vesely fled the arresting officers in a manner that seriously jeopardized the lives of not only the agent who tried to apprehend him and the other agents and officers involved in the arrest process, but also ordinary citizens in his path through both Posen and Markham. Vesely is exceptionally fortunate that no one was seriously injured or killed the day he was arrested or he would be facing decades of incarceration.

### B.    History and Characteristics of the Defendant

Vesely was only 21 years old when he was arrested in this case but, as the description of his personal and criminal background in the PSR makes it clear, he had committed a remarkable amount of very serious crimes in a very short time and was well on his way to becoming a career criminal. Vesely was on an extremely destructive path when arrested and it seems obvious that he probably would have killed someone or been killed within a couple of years but for the fortunate fact of his arrest.

7

**C.** **The Seriousness of The Offense, Promote Respect For The Law, Provide Just Punishment, Deterrence, and Protect The Public From Further Crimes**

There is a substantial need for punishment and general deterrence in this case, as well as a clear need to protect the public from Vesely's reckless and criminal conduct. Vesely has been incarcerated for just over 4 years as a result of his conduct, 2 in State custody and just over 2 in federal custody for which he will receive credit on whatever sentence is imposed in this case.

**D.** **Supervised Release Conditions**

Consistent with the goals of sections 3583(c) and 3553(a), the government agrees with the Probation Officer's recommendations in the Supplemental Report of February 6, 2026 for mandatory, discretionary, and special conditions of supervised release, which are consistent with the statutory goals of affording adequate deterrence to, and protecting the public from, additional criminal conduct, as well as providing the defendant with the means to rehabilitate his life.

**E.** **Government's Sentencing Recommendation**

The Probation Officer has recommended a sentence of incarceration of 70 months and 3 years' supervised release on each count of conviction, see Sentencing Recommendation, while Vesely's counsel seeks a sentence of incarceration of 36 months' incarceration and a "substantial term" of supervised release. Dkt. 60 at 1.

Generally, the government would whole-heartedly endorse the sentencing recommendation by the Probation Office, particularly since if the sentence sought by

8

the defendant were to be imposed Vesely would likely be eligible for release to a halfway facility very soon given the time he is entitled to as credit for time served. However, given Vesely's age at the time he committed these crimes, his personal history and background, particularly that he apparently has strong family support from relatives that seem to genuinely care for him and want to see him make something out of his life, and his professed desire to straighten his life out while he still has a chance to do so, the government recommends a sentence somewhere between the two proffered by Probation and the defense. The government does not believe that Vesely needs several more years in the BOP, but rather believes that he would benefit from a period in the BOP where he would get some substantial help while still being punished for his actions, and then that he should spend at least a year in a work-release setting to transition back into society. The government further recommends that Vesely receive the full 3 years' supervised release possible in this case in order to allow this Court to carefully monitor his adjustment back to society.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: */s/William R. Hogan, Jr.*
WILLIAM R. HOGAN, JR.
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

9